IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Guzman,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 07-0295-PHX-SMM (JRI) (lead)<br>No. CV 07-0296-PHX-SMM (JRI) (cons.)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Petitioner Leonard Guzman's Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in CV 07-0295 and CV 07-0296 (the "Petitions") (Dkts. 1). On August 3, 2007, the Court consolidated the two cases.[1] The matter was referred to Magistrate Judge Jay R. Irwin for a Report and Recommendation (Dkt. 3). On March 13, 2009, the magistrate judge filed a Report and Recommendation with this Court recommending that both Petitions be denied on its merits (Dkt. 60). Furthermore, the magistrate judge recommended Petitioner's Motion for Right to Jury Trial (Dkt. 45) and Motion for Temporary Relief (Dkt. 57) be denied (Dkt. 60). On April 3, 2009, Mr. Guzman filed his Objection to the Report and Recommendation (Dkt. 63). The State responded to Petitioner's Objection (Dkt. 64). After considering the Report and Recommendation and the arguments raised in Petitioner's Objection thereto, the Court now issues the following ruling.

---

[1] Hereinafter, the Court refers to the docket of CV 07-0295, which is the lead case, unless otherwise noted.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**[2]

In his Petitions, Mr. Guzman challenges his convictions by the Maricopa County Superior Court in CR 1999-091712 and CR 1999-094153 pursuant to his guilty pleas in those matters (Dkts. 1). In CR 1999-091712, the State charged Mr. Guzman with three counts of sexual assault, one count of sexual abuse, and one count of kidnaping. The State alleged that on December 9, 1998, Mr. Guzman restrained his girlfriend's roommate and sexually assaulted her. In CR 1999-094153, the State charged Mr. Guzman with conspiracy to commit first degree murder. The State alleged Mr. Guzman had attempted to hire a hit man to murder the victim in the first case. In the first case, Mr. Guzman pleaded guilty to one count of sexual assault with one prior felony conviction in exchange for dismissal of the remaining charges. In the second case, Mr. Guzman pleaded guilty to *attempted* conspiracy to commit first degree murder.

Mr. Guzman's Petition in CV 07-0295 challenges his conviction in the attempted conspiracy murder case (CR 1999-094153) on these grounds: (1) involuntary plea of guilty, (2) ineffective assistance of counsel, (3) double jeopardy, and (4) the prosecution failed to disclose favorable evidence. In his Petition in CV 07-0296, Mr. Guzman challenges his conviction in the sexual assault case (CR 1999-091712) on these grounds: (1) involuntary

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Dkt. 60).

- 2 -

plea of guilty, (2) improper impanelment of grand jury, (3) ineffective assistance of counsel, and (4) double jeopardy.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, a party may make "specific written objections" to the magistrate judge's report and recommendations. Fed. R. Civ. P. 72(b)(2). In his Objection to the Report and Recommendation, Mr. Guzman argues his claims are not barred by the guilty pleas, and therefore he is entitled to an evidentiary hearing. Mr. Guzman also objects to the magistrate judge's rejection of his ineffective assistance of counsel claim. Finally, Mr. Guzman contends that his plea was involuntary and unknowing. Mr. Guzman also generally objects to all other findings of fact and recommendations by the magistrate judge. However, Mr. Guzman's general objection does not constitute "specific written objections." See id. Therefore, the Court will only address each of Mr. Guzman's specific objections. See Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

**A. Effect of Guilty Plea as Waiver and Ineffective Assistance of Counsel**

The magistrate judge concluded that as a result of his guilty plea, Mr. Guzman waived his right to assert any claims other than the voluntariness of his plea. Therefore, Mr. Guzman waived all of his claims related to trial counsel's conduct prior to his entry of the guilty plea.

In his Objection, Mr. Guzman's argues that his claims are not barred by his guilty plea. Therefore, Mr. Guzman believes he is entitled to an evidentiary hearing because he did not receive one in state court. With regards to ineffective assistance of counsel, Mr. Guzman specifically contends that "the following inactions or actions prejudice[d] the Petitioner: when all three attorneys did not depose the eye witnesses of the confidential informant or Agent Provocatuer [sic], Detective Daniel Gonzales, all the conspiracy tapes . . . there was absolutely no motions filed to get this evidence for both cases" (Dkt. 63, 22:7-13). Mr. Guzman further contends that trial counsel failed to properly advise him, conduct pretrial discovery, and file timely motions to suppress.

By pleading guilty, though, the Court finds that Mr. Guzman waived his right to assert any claims related to the conduct of counsel prior to the entry of the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). The Court also finds that Mr. Guzman is not entitled to an evidentiary hearing related to these claims. However, Mr. Guzman did not waive his claim to an involuntary plea of guilty, which the Court will address next.

**B. Involuntary Plea of Guilty and Ineffective Assistance of Counsel**

In his Objection, Mr. Guzman alleges that "[w]hen counsel used fear from the possible consequences of not pleading guilty, this to [sic] destroyed my ability to balance the risks and benefits on [sic] going to trial" (Dkt. 63, 25:12-14). Mr. Guzman further alleges that trial counsel did not advise him about the sentencing guidelines, his waiver of his constitutional rights, and critical elements of the charges. (Id. at 25:14-20).

As the magistrate judge stated, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). When a defendant pleads guilty upon the advice of counsel, the defendant may only challenge the voluntariness of the plea by showing that he received ineffective assistance of counsel. Id. at 56-57. In order to show ineffective assistance of counsel, a petitioner must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

With regards to Mr. Guzman's claim of coercion, the Ninth Circuit has held that "[m]ere advice or strong urging by third parties [such as defense counsel] to plead guilty based on the strength of the state's case does not constitute undue coercion." Iaea v. Sunn, 800 F.2d 861, 867 (9th Cir. 1986). During the plea proceeding, the trial court asked Mr. Guzman if anyone used "any force, threats, or coercion" to make him enter the guilty pleas, and Mr. Guzman answered in the negative (Exhibit XX, 5/15/00 Rep. Tr. 11). Moreover, during Mr. Guzman's first state post-conviction relief proceeding, the trial court "d[id] not believe that trial counsel was ineffective because he told Defendant some harsh truths"

- 4 -

1  (Exhibit X, 5/21/03 Min. Entry 5).  The trial court reasoned that "[a]dvising a defendant to
2  accept a reasonable plea agreement in a situation where a defendant is almost certain to be
3  convicted of the charged offenses if the cases proceed to trial is effective assistance of
4  counsel, not ineffective assistance" (Id.).  As noted by the magistrate judge, Mr. Guzman
5  "obtained the dismissal of many serious charges with the potential for far more prison time
6  than what Petitioner received" (Dkt. 60, 12:15-16).  The Court agrees with the magistrate
7  judge's and the state trial court's finding that counsel's advice did not constitute undue
8  coercion, but rather "harsh truths."  The Court rejects Mr. Guzman's allegation that his
9  counsel's use of fear "destroyed [his] ability to balance the risks and benefits [of] going to
10 trial" (Dkt 63, 25:12-14).  Rather, counsel's advice regarding the harsh truths involved
11 exactly the type of balancing of the risks and benefits inherent during trial that should be
12 considered during the plea process.
13         As for Mr. Guzman's claims that trial counsel did not advise him about the sentencing
14 guidelines, his waiver of his constitutional rights, and critical elements of the charges, the
15 Court agrees with the magistrate judge's finding that these claims are without merit.
16 Regardless of whether trial counsel advised Mr. Guzman about the sentencing guidelines, the
17 trial court advised Mr. Guzman at his plea proceeding that he was foregoing the potential for
18 concurrent sentences (Exhibit XX, 5/15/00 Rep. Tr. 6-7).  Therefore, any alleged deficiency
19 by counsel did not prejudice Mr. Guzman.  See Chau Hon Mow v. United States, 730 F.2d
20 1308, 1311 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) (finding that even if counsel
21 did not properly advise defendant regarding his sentence, he could not assert ineffective
22 assistance when the trial court informed him about his sentence before he entered a plea).
23 Although Mr. Guzman now contends that trial counsel did not advise him of his waiver of
24 constitutional rights, Mr. Guzman stated the exact opposite during the plea proceeding (Id.
25 at 9).  Additionally, the trial court reviewed Mr. Guzman's waiver of his right:  to plead not
26 guilty, to counsel, to a jury trial, to a presumption of innocence, to compulsory cross-
27 examination and confrontation, to silence, and to direct appeal (Id. at 9-11).  Mr. Guzman
28

- 5 -

acknowledged all of these rights and then explicitly consented to a waiver of them (Id. at 11). Finally, Mr. Guzman now claims that trial counsel failed to advise him of the "critical elements of the offenses," which would have provided an affirmative defense of entrapment to the conspiracy charge (Dkt. 63, 25:2-6).  As Mr. Guzman did not raise this claim in his Petitions, the Court will not address such allegation (See Dkts. 1).

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and the objections having been made by Petitioner thereto, the Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments.  Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the magistrate judge (Dkt. 60).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Right to Jury Trial (Dkt. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Relief (Dkt. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in CV 07-0295 (Dkt. 1) and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in CV 07-0296 (Dkt. 1) are **DENIED** and both actions are **DISMISSED WITH PREJUDICE**.

DATED this 21st day of April, 2009.

Stephen M. McNamee
United States District Judge